UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C<small>HARLES</small> H<small>UNTER</small>,

      Plaintiff,

v.

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>, <small>ET AL</small>.,

      Defendants.

Case No. 17-13494

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
S<small>TEPHANIE</small> D<small>AWKINS</small> D<small>AVIS</small>

**O<small>RDER</small> G<small>RANTING</small> D<small>EFENDANTS</small>' M<small>OTION TO</small> D<small>ISMISS</small> [8]**

On October 26, 2017, Plaintiff Charles Hunter filed this action to quiet title pursuant to 28 U.S.C. § 2410(a)(1). Defendants, the Government and Sterling Mortgage and Investment Co. ("Sterling"), filed the instant Motion to Dismiss [8] for lack of subject matter jurisdiction on December 7, 2017. Plaintiff filed a Response [10] on December 26, 2017. Defendants filed a Reply [11] on January 9, 2018. On April 10, 2018, the Court held a hearing on the Motion.

Because Plaintiff no longer has a cognizable legal interest in the subject property, he lacks standing to bring this action under § 2410(a)(1). Without a waiver of the Government's sovereign immunity, the Court does not have subject matter jurisdiction over this case. For the reasons explained below, the Court **GRANTS** Defendants' Motion to Dismiss [8].

## FACTUAL BACKGROUND

On September 30, 1999, Plaintiff received a warranty deed for a residential property located at 1152 Lakeside Drive in Birmingham, Michigan ("Lakeside Property"). On October 21, 2004, Plaintiff executed a mortgage with Wells Fargo on the Lakeside Property.

From 2006 to 2011, Plaintiff failed to pay his federal taxes. In 2013 and 2015, the Internal Revenue Service ("IRS") recorded multiple liens on the Lakeside Property for Plaintiff's unpaid federal taxes.

Plaintiff also defaulted on his mortgage. On April 11, 2017, Wells Fargo executed a non-judicial foreclosure sale on the Lakeside Property. Wells Fargo attempted to notify the IRS via certified mail of the sale on March 16, 2017, but inadvertently sent the notification to the wrong address.

At the foreclosure sale, Defendant Sterling purchased the Lakeside Property for $420,235.82. However, because the IRS did not receive proper notice of the sale, the liens arising from Plaintiff's tax liabilities remained on the Lakeside Property after the sale to Defendant Sterling.

On July 12, 2017, the Government brought an action in this Court against Sterling and Mr. Hunter to enforce its tax liens on the Lakeside Property. *United States v. Sterling Mortgage & Investment Co., et al.*, No. 2:17-cv-12281 (E.D.

Mich. 2017) ("Sterling case"). At the time the Government filed the Sterling case, Mr. Hunter's statutory right to redeem the Lakeside Property had not yet expired.

On September 18, 2017, the Government and Sterling settled the Sterling case. According to the settlement agreement, Sterling agreed to "sell the Lakeside Property and provide the Government with 50-percent of the 'net profits' from the sale." [Dkt. #8 at 7]. The Government agreed to "apply those funds to Mr. Hunter's unpaid federal tax debts." *Id.* Mr. Hunter was not part of settlement negotiations or the ultimate agreement.

On October 11, 2017, Plaintiff's redemption period on the Lakeside Property expired.

On October 26, 2017, Plaintiff filed this action pursuant to § 2410(a)(1). He asks the Court to enter a declaratory judgment requiring the Government to enforce its federal tax liens on the Lakeside Property over any interest of Defendant Sterling.

## STANDARD OF REVIEW

Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

# ANALYSIS

Defendants argue that the Court must dismiss this case for lack of jurisdiction because Plaintiff has failed to demonstrate a waiver of sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Section 2410 functions as a limited waiver of sovereign immunity. *Pollack v. United States*, 819 F. 2d 144, 145 (6th Cir. 1987). Section 2410(a)(1) provides that the United States may be named as " . . . a party in any civil action or suit . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien."

The purpose of § 2410 is to afford lien-holders the right to enforce their legal rights in a property:

> 28 U.S.C. § 2410 . . . gives a private lienor the right to name the United States a party in any action or suit to foreclose a mortgage or lien or to quiet title to property on which the United States claims any kind of mortgage or lien, whether or not a tax lien.

*United States v. Brosnan*, 363 U.S. 237, 244–45 (1960).

Most courts have held that in order for a claimant to bring an action under § 2410(a)(1), he must have a cognizable legal interest in the subject property. *See, e.g.*, *Little Italy Oceanside Inv. v. United States*, No. 15-2081 (6th Cir. June 2, 2016) (holding that § 2410 provides no remedy where there is no dispute as to who possesses clear title to the property); *E.J. Friedman Co., Inc. v. United States*, 6 F.3d 1355, 1358 (9th Cir. 1993) (explaining that § 2410 does not permit a claimant to bring an action to quiet title where he has no property interest of his own in the property); *Raulerson v. United States*, 786 F. 2d 1090, 1091-92 (11th Cir. 1986) (precluding suit under § 2410 where the plaintiff sought a declaration that IRS's claim had priority over other interests, but where he no longer had an interest of his own in the property); *but c.f.*, *Kabakjian v. United States*, 267 F.3d 208, 211 (3d Cir. 2001) (finding a waiver of sovereign immunity pursuant to § 2410 where the plaintiffs alleged that the Government failed to comply with 26 U.S.C. § 6335).

"Stated another way, '[s]tanding under [§ 2410] is based on the presumption that the petitioner himself is making a claim of ownership to the property for which title is to be quieted.'" *Little Italy Oceanside Investments, LLC v. United States*, No. 14-cv-10217, 2015 WL 4878247, at *5 (E.D. Mich. Aug. 14, 2015), *aff'd* (June 2, 2016) (quoting *Matter of Coppola*, 810 F. Supp. 429, 432 (E.D.N.Y. 1992)).

It is undisputed that Plaintiff neither has a present legal interest in, nor makes a claim of ownership to, the Lakeside Property. Nevertheless, Plaintiff argues that he has standing to bring suit under § 2410(a)(1) because he has standing under Article III and the statute does not impose any additional standing criteria.

Plaintiff's standing argument is premised on his claim of entitlement to reduced tax liability and to reclaim title to the Lakeside Property via rescission of the foreclosure sale. However, "[t]his argument misses the effect of sovereign immunity . . . . [which] deprives the courts of jurisdiction irrespective of the merits of the underlying claim." *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998). The Court cannot find for Plaintiff on the merits and "then reason backwards to find a waiver of sovereign immunity." *Id.* Because Plaintiff has no present legal interest in the Lakeside Property, he lacks standing to bring this action under § 2410(a)(1), and fails to establish a waiver of the Government's sovereign immunity.

Finally, Defendants submit that without the Government as a party, Plaintiff cannot maintain this action against Defendant Sterling alone. Plaintiff does not contest this point. Although Plaintiff suggests that the Court has jurisdiction over

this action pursuant to 28 U.S.C. § 1340,[1] Plaintiff fails to assert any independent claim against Defendant Sterling under this statute.

## CONCLUSION

Plaintiff lived at the Lakeside Property for years without paying his federal taxes or mortgage. After the foreclosure sale, Plaintiff had the opportunity to exercise his right to redeem the Lakeside Property, or file a lawsuit, on or before October 11, 2017. Plaintiff chose not to pursue those options. Instead, when he no longer had any interest in the Lakeside Property, he filed this action requesting that the Court order the Government to enforce its federal tax liens and/or rescind the foreclosure sale.

That Plaintiff's legal interest in the Lakeside Property expired prior to filing this lawsuit is fatal to his claims. In accordance with the need to construe any waiver of sovereign immunity in the Government's favor, *see Lane*, 518 U.S. at 192, the Court finds that Plaintiff has failed to meet his burden of demonstrating a waiver under § 2410. Therefore, the Court must dismiss this action against the Government. Because Plaintiff has not alleged any independent claims against the

---

[1] Section 1340 "bestows on the federal district courts original jurisdiction of any civil action arising under the internal revenue laws." *Harrell v. U.S.*, 13 F.3d 232, 234 (7th Cir. 1993). The statute typically applies in suits "rooted in the Internal Revenue Code." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 377 F.3d 592, 596 (6th Cir. 2004).

remaining defendant, the Court also dismisses this action against Defendant Sterling.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [8] is **GRANTED** and this case is **CLOSED**.

**SO ORDERED**.

<table>
</table>

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: April 30, 2018 | Senior United States District Judge |